UNITED STATES of America,
Appellee,

v.

Kenneth E. MAHAFFY, Jr. and Timothy J. O'Connell, David G. Ghysels, Jr., Defendants–Appellants.

Nos. 07–3570–cr(L), 07–3618–cr, 07–3746–cr.

United States Court of Appeals, Second Circuit.

July 7, 2008.

Susan C. Wolfe, Hoffman & Pollok LLP, New York, NY, for Defendant–Appellant Ghysels.

Matthew W. Brissenden, Scaring & Brissenden, PLLC, Garden City, NY, for Defendant–Appellant Mahaffy.

Yuanchung Lee, Federal Defenders of New York, Inc., New York, NY, for Defendant–Appellant O'Connell.

Daniel E. Wenner, Assistant United States Attorney (David C. James, Assistant United States Attorney, on the brief), for Benton J. Campbell, United States Attorney for the Eastern District of New York, NY, for Appellee.

Present: Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges, Hon. JOHN G. KOELTL,[1] District Judge.

## SUMMARY ORDER

Following a seven-week jury trial before Judge Glasser, Defendant–Appellants David G. Ghysels, Jr. and Kenneth E. Mahaffy, Jr., were acquitted of all but a single count of conspiracy to commit securities fraud in violation of 18 U.S.C. § 1349 (Count 1), on which the jury was unable to reach a verdict. Defendant–Appellant Timothy J. O'Connell was convicted of witness tampering and making a false statement, but, as with Defendants Ghysels and Mahaffy, the jury was unable to reach a verdict with respect to O'Connell on Count 1.[2] Following trial, the government stated that it would seek a retrial of Defendants on Count 1, whereupon Judge Glasser recused himself and the retrial was assigned to Judge Jack B. Weinstein.

In motions before Judge Weinstein, Defendants sought dismissal of Count 1 of the indictment, arguing that the government was collaterally estopped from retrying Defendants on that count because retrial on Count 1 would permit the government

---

1. The Honorable John G. Koeltl of the United States District Court for the Southern District of New York, sitting by designation.

2. O'Connell's appeal of his conviction for making a false statement, in violation of 18 U.S.C. § 1001, is resolved in a separate summary order filed at the same time as this order. O'Connell has not challenged his conviction for witness tampering, in violation of 18 U.S.C. § 1512.

to prosecute Defendants for conduct underlying Count 22 (conspiracy to violate the Travel Act, 18 U.S.C. § 371), for which they were acquitted at the first trial. This, they alleged, would violate the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution. Judge Weinstein ultimately denied the motions in an order dated August 13, 2007, permitting retrial of Defendants on Count 1 to proceed. Familiarity by the parties is assumed as to the facts, the procedural context, and the issues on appeal.

█ Defendants argue that their acquittal on Count 22 for conspiracy to violate the Travel Act necessarily foreordains the outcome of any retrial on Count 1 for securities fraud conspiracy. Were Defendants in fact able to show that "the jury's verdict in the initial trial necessarily determined in [their] favor an issue that would be an element of the offense to be proven at the retrial," they would then fall safely within the ambit of the Double Jeopardy Clause and collateral estoppel jurisprudence. *United States v. Chestaro*, 197 F.3d 600, 609 (2d Cir.1999). In this case, however, Defendants' Double Jeopardy and collateral estoppel argument falls short because their acquittal on Count 22 can plausibly be explained for reasons unrelated to the elements charged in Count 1. Furthermore, as Judge Weinstein correctly concluded, it is "impossib[le] . . . [to] divin[e] with any accuracy the precise findings of the jury as to each element of the charges of which defendants were acquitted." *United States v. Mahaffy*, 499 F.Supp.2d 291, 297 (E.D.N.Y.2007).

As the government points out, the elements of the two offenses charged under Counts 1 and 22 are different and, therefore, the government may successfully prove conspiracy to commit securities fraud even if the acquittal on Count 22 resulted from the government's failure to prove a single element of conspiracy to violate the Travel Act. Defendants, in turn, suggest that they conceded some of the elements of Count 22. Those concessions, Defendants maintain, leave but a single plausible basis upon which the judgment of acquittal could have rested.

Mahaffy argues that the only message that can be divined from the Count 22 acquittal is that "the prior jury *necessarily* determined that [he] did not conspire to provide day traders with unauthorized access to so-called 'squawk box' information in violation of 18 U.S.C. § 371. . . ." Mahaffy Br. at 2–3. Ghysels argues that "[t]he only rational basis for the jury's acquittals was a lack of proof beyond a reasonable doubt that Ghysels engaged in the alleged conduct *without his employer's consent*." Ghysels Br. at 18. Both assertions are the product of an overly narrow interpretation of the meaning of their acquittals on Count 22.

The jury may have acquitted Defendants on Count 22 because they found that there was insufficient evidence of Defendants' agreement to accept bribes—conduct essential to Count 22, but not Count 1. As the government notes, Defendants disputed (*i.e.*, did not concede) evidence of bribe payments. It was therefore possible for the jury to have had reasonable doubt on this point. We agree with the government that if the jury had sufficient doubt as to the agreement to take bribes, this itself would have been sufficient to acquit Defendants on Count 22, but would not be dispositive with respect to their potential liability on Count 1. In short, "a rational jury could have grounded its verdict upon an issue other than that which the defendant[s] seek[ ] to foreclose from consideration." *United States v. McGowan*, 58 F.3d 8, 12 (2d Cir.1995) (quoting *Ashe v. Swenson*, 397 U.S. 436, 444, 90 S.Ct. 1189,

25 L.Ed.2d 469 (1970)) (internal quotation marks omitted).

■ Mahaffy argues, in the alternative, that his acquittal on Count 37 (making a false statement in violation of 18 U.S.C. § 1001) established a fact that precludes his retrial on Count 1. Mahaffy claims that his acquittal for making a false statement to a government investigator (that, while working at Merrill Lynch, he did not place his telephone hand set next to a "squawk box" in order to permit others to listen in on non-public trading information) permits us to invert the alleged falsity to reach a conclusion of truth—*i.e.,* that he in fact did *not* place the telephone next to a "squawk box." Such a conclusion, he maintains, would undermine his retrial on Count 1 for conspiring to engage in securities fraud by providing access to the squawk box.

There are a number of problems with this reasoning. First, as the government points out, Mahaffy's acquittal on Count 37 can be explained, alternately, by the possibility that the jury simply was not persuaded that Mahaffy made the statement in question to the government investigator. Of course, if the jury thought that there was insufficient proof that the false statement was made, this would tell us very little about their views on whether the conduct referred to in the statement in fact took place. But beyond that most preliminary challenge to Mahaffy's theory, the government correctly notes that the allegedly false statement averted to a narrower scope of conduct than the conduct at issue in Count 1. Thus, for instance, even taking as true the assertion that Mahaffy did not misuse the squawk box *while employed at Merrill Lynch,* this would leave untouched the government's allegation of similar misuse during the time that Mahaffy was employed at Smith Barney.

We have reviewed Defendants' other arguments (including those of Defendant O'Connell, which are resolved by separate summary order, *see supra* note 2) and find them all to be without merit.

Accordingly, we **AFFIRM** the conviction and sentence imposed below.